1   WO

2

3

4

5

6

7                  IN THE UNITED STATES DISTRICT COURT

8                  FOR THE DISTRICT OF ARIZONA

9

10

11

12  BRET UNDERHILL,                )
                                   )
13          Plaintiff,             )      No. CIV 06-234 PHX RCB
                                   )
14          vs.                    )         O R D E R
                                   )
15  THE SHERWIN-WILLIAMS COMPANY,  )
    an Ohio corporation; et al.,   )
16                                 )
            Defendants.            )
17  _____)

18      This matter arises out of a product liability suit originally

19  filed in the Superior Court of Arizona in Maricopa County by

20  Plaintiff Bret Underhill on November 2, 2005.  Notice (doc. # 1),

21  Ex. A at 18.  Plaintiff filed a First Amended Complaint in the

22  state court on November 7, 2005.  Id. at 25.  On January 18, 2006,

23  Defendants Sherwin-Williams Automotive Finishes Corporation, The

24  Sherwin-Williams Company, Dupli-Color Products Company, and

25  Diversified Brands (collectively "Sherwin-Williams" or the

26  "Sherwin-Williams defendants") filed a timely Notice of Removal

27  (doc. # 1) pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.  Currently

28  pending before the Court is Plaintiff's Motion to Remand (doc. # 8)

filed on February 1, 2006.  In addition, Plaintiff requests an
award of fees and costs for researching and briefing the Motion to
Remand pursuant to 28 U.S.C. § 1447(c).  Mot. (doc. # 8) at 6.
Defendants filed their response (doc. # 10) on February 21, 2006,
and Plaintiff filed his reply (doc. # 12) on March 2, 2006.  Having
carefully considered the arguments raised, the Court now rules.

**I.    BACKGROUND**

Plaintiff alleges that he was injured when a can of aerosol
paint exploded in his right hand upon being shaken as directed.
Notice (doc. # 1), Ex. A at 26-27.  Plaintiff filed his First
Amended Complaint in the state court on November 7, 2005, alleging
negligence, strict products liability, and breach of the implied
warranty of merchantability.  Notice (doc. # 1), Ex. A at 25.
Defendants Autozone, Inc., Autozone Stores, Inc., Autozone
Development Corporation, Inc., Autozone West and Autozone Parts,
Inc. (collectively "Autozone" or the "Autozone defendants") were
apparently served on December 14, 2005.  Mot. (doc. # 8) at 2.  The
Sherwin-Williams defendants were apparently served on December 19
and December 27, 2005.  Id.; see also Notice (doc. # 1), Ex. A. at
2-12, 14-16.

On January 18, 2006, the Sherwin-Williams defendants removed
the action to this Court on the basis of diversity and removal
jurisdiction, 28 U.S.C. §§ 1332, 1441 and 1446.  Notice (doc. # 1).
The removal petition was not joined by Autozone, but simply averred
that "[t]he Autozone Defendants consent to the removal of this
action."  Id. ¶ 9.

On February 1, 2006, Plaintiff filed a timely Motion to
Remand, arguing that the Sherwin-Williams defendants' Notice of

Removal (doc. # 1) was untimely filed and procedurally defective for lack of unanimity among the defendants.  Mot. (doc. # 8).  Mot. (doc. # 8) at 3-5.  Defendants responded on February 21, 2006. Resp. (doc. # 10).  Along with their response, Defendants filed an Amended Notice of Removal of Action indicating that "Autozone's counsel has given Sherwin-Williams' counsel express authority to consent to removal on behalf of the Autozone defendants."  Resp. (doc. # 10), Ex. 2 ¶ 9.  This authorization was not reflected in Sherwin-Williams' original petition.  <u>See</u> Notice (doc. # 1).

## II.   MOTION TO REMAND

Plaintiff contends that Sherwin-Williams' Notice of Removal (doc. # 1) is procedurally defective for lack of joinder by the Autozone defendants and for untimeliness.  Because the removal petition is procedurally defective for lack of unanimity among the defendants, as explained below, the Court need not address the question of timeliness.

Proper removal generally requires unanimity of all defendants, otherwise the action cannot be removed.  28 U.S.C. § 1446(b); <u>Chi., Rock Island & Pac. Ry. Co. v. Martin</u>, 178 U.S. 245, 248 (1900); <u>Abrego v. Dow Chem. Co.</u>, 443 F.3d 676, 680 (9th Cir. 2006); <u>Schwartz v. FHP Int'l Corp.</u>, 947 F. Supp. 1354, 1362 (D. Ariz. 1996).

The Fifth Circuit, in a case cited by Defendants, has interpreted the unanimity rule as requiring "some timely filed written indication from each served defendant, or from some person or entity purporting to formally act on its behalf in this respect <u>and to have authority to do so</u>, that it has actually consented to [removal] . . . ."  <u>Getty Oil Corp. v. Ins. Co. of N. Am.</u>, 841 F.2d

1254, 1262 (5th Cir. 1988) (emphasis added).  According to

Defendants, "Getty demonstrates that the unanimity requirement can

be satisfied absent written consent from the non-removing defendant

provided that the removing defendant has authority to consent on

the non-removing defendant's behalf."  Resp. (doc. # 10) at 6.

However, Getty actually held that an unsupported allegation that a

non-removing defendant consents to removal is procedurally

inadequate unless accompanied by an allegation that the non-

removing defendant has authorized the removing defendant to make

such representations to the court on its behalf.  See Getty Oil

Corp., 841 F.2d at 1262; accord Hammonds v. Youth for Christ USA,

2005 U.S. Dist. LEXIS 32383 (W.D. Tex. 2005) at *5-10.  The Court

finds the Fifth Circuit authority cited by Defendants persuasive.

Absent a clear indication that the removing defendant is "formally

act[ing]" on behalf of the non-removing defendant and "ha[s]

authority to do so," the record would be insufficient "to 'bind'

the allegedly consenting defendant."  Getty Oil Corp., 841 F.2d at

1262.

In the present case, Sherwin-Williams' original Notice of

Removal merely alleged that "[t]he Autozone Defendants consent to

the removal of this action."  Notice (doc. # 1) ¶ 9.  In accord

with the line of cases discussed by Defendants in their response,

the Court finds that this unsupported allegation fails to convey

Autozone's affirmative and unambiguous desire to proceed in federal

court.  Because a sufficient explanation of the Autozone

defendants' lack of joinder in Sherwin-Williams' Notice of Removal

(doc. # 1) was not provided within thirty days of their service as

1    required under 28 U.S.C. § 1446(b), remand is appropriate.[1]

2        In a belated effort to cure the defect of the original removal

3    petition, Defendants have submitted an Amended Notice of Removal of

4    Action indicating that "Autozone's counsel has given Sherwin-

5    Williams' counsel express authority to consent to removal on behalf

6    of the Autozone defendants."  Resp. (doc. # 10), Ex. 2 ¶ 9.

7    Defendants submitted their amended petition on February 21, 2006 as

8    an exhibit to their response to Plaintiff's motion to remand.[2]

9    Resp. (doc. # 10), Ex. 1.  However, they have not sought leave to

10   amend their original petition.  Morever, even if they had moved for

11   leave to amend, Defendants' manner of presenting the proposed

12   amendment as an exhibit to their response, without "indicat[ing] in

13   what respect it differs from" the original petition does not comply

14   with the Local Rules of Practice.  See LRCiv 15(a)(1)-(2).  In view

15

16       [1] Although the briefing of Plaintiff's motion has revealed that
17  the Autozone defendants may have privately authorized Sherwin-
    Williams' counsel to express their consent to removal, see Resp.
18  (doc. # 10), Ex. 1 ¶¶ 3-5, the unanimity rule requires Defendants to
    fully inform the Court of their authority to do so when seeking
19  removal.  For reasons the parties will surely appreciate, the Court
    cannot simply proceed on such casual and familiar terms as to allow
20  counsel for one party to make representations on behalf of other
    represented parties.  Cf. Creekmore v. Food Lion, Inc., 797 F. Supp.
21  505, 509 (E.D. Va. 1992) ("To allow one party, through counsel, to
    bind or represent the position of other parties without their express
22  consent to be so bound would have serious adverse repercussions, not
    only in removal situations but in any incident of litigation.").
23

24       [2] It is possible that Defendants assumed entitlement to an
    amendment as a matter of right.  Supposing that a motion to remand is
25  not a "responsive pleading" for purposes of Rule 15(a), and thus
    implying that a removal petition is a pleading "to which no
26  responsive pleading is permitted, Defendants' amended notice in this
    case was still submitted well after 20 days of the original removal
27  petition.  Therefore, Defendants should have moved for leave to
    amend, or obtained Plaintiff's written consent to the amended removal
28  petition.  See Fed. R. Civ. P. 15(a).

1  of the original petition's defect, and Defendants' failure to cure

2  by way of a timely and properly amended petition, Plaintiff's

3  Motion to Remand (doc. # 8) will be granted.

4  **III. MOTION FOR FEES AND COSTS PURSUANT TO 28 U.S.C. § 1447(c)**

5       Plaintiff also requests an award of fees and costs incurred in

6  researching and briefing his Motion to Remand pursuant to 28

7  U.S.C. § 1447(c).  Mot. (doc. # 8) at 6.  Plaintiff urges the Court

8  that an award of fees would be proper in light of defense counsel's

9  refusal to stipulate to remand when confronted with the allegedly

10  defective removal procedure.  Id.; Reply (doc. # 12) at 5.

11  Defendants resist, noting their good faith in seeking removal only

12  after determining that complete diversity of citizenship existed, a

13  point which Plaintiff does not dispute.  Resp. (doc. # 10) at 10.

14       The Supreme Court decided last term that, "[a]bsent unusual

15  circumstances, courts may award attorney's fees under § 1447(c)

16  only where the removing party lacked an objectively reasonable

17  basis for seeking removal."  Martin v. Franklin Capital Corp., 126

18  S. Ct. 704, 711, 163 L. Ed. 2d 547, 555 (2005) (Roberts, C.J.).  In

19  exercising its discretion to award fees under § 1447(c), a court

20  must consider "the desire to deter removals sought for the purpose

21  of prolonging litigation and imposing costs on the opposing party,

22  while not undermining Congress' basic decision to afford defendants

23  a right to remove as a general matter, when the statutory criteria

24  are satisfied."  See id. at 711.

25       The Court is reluctant to read Martin as precluding an award

26  of fees as a matter of law whenever remand is based purely on

27  procedural defects of the removal petition.  In the instant case,

28  however, the fact that diversity jurisdiction would apparently have

existed weighs heavily against an award of fees, particularly where the procedural issues involved raise such close questions under the law of the Circuit.  See, e.g., United Computer Sys. v. AT&T Info. Sys., 298 F.3d 756, 763 n.4 (9th Cir. 2002) (expressing no opinion on the propriety of the first-served defendant rule for determining the timeliness of a removal petition).  Given Sherwin-Williams' objectively reasonable basis for seeking removal, and the closeness of the procedural questions involved, the Court will not penalize Defendants for refusing to capitulate to Plaintiff's demands for a stipulation to remand.  Accordingly, Plaintiff's request for fees will be denied.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Remand (doc. # 8) is GRANTED in part and DENIED in part.  This case is remanded to the Superior Court of Arizona in Maricopa County.

IT IS FURTHER ORDERED that Plaintiff's request for fees and costs pursuant to U.S.C. § 1447(c) is DENIED.

IT IS FURTHER ORDERED directing the Clerk of the Court to send the file in this Case to the Superior Court of Arizona in Maricopa County.

DATED this 24th day of August, 2006.


_____
Robert C. Broomfield
Senior United States District Judge


Copies to counsel of record